United States District Court
for the
Southern District of Florida

| Stanislav Egonjic, Plaintiff, | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) Civil Action No. 17-24118-Civ-Scola |
| Princess Cruise Line, Ltd., | ) |
| Defendant. | ) |

### Order on Motion to Dismiss and Compel Arbitration

This matter is before the Court upon the Defendant Princess Cruise Line, Ltd.'s motion to dismiss and compel arbitration (ECF No. 4). The Plaintiff agrees that his dispute should proceed through arbitration, but the parties appear to disagree whether a stay or dismissal of these proceedings is appropriate. (*See* ECF No. 13.)

Section 3 of the FAA states that district courts "shall" stay proceedings pending arbitration upon the motion of a party. 9 U.S.C. § 3. However, where all issues presented in the lawsuit are arbitrable, the Eleventh Circuit and this Court have found that a dismissal of the lawsuit is a proper remedy. *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1379 (11th Cir. 2005); *Perera v. H&R Block Eastern Enterps., Inc.*, 914 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012). The Plaintiff's employment contract contains a broad arbitration provision, pursuant to which, "any and all disputes of any kind or nature whatsoever between Employee and Company shall be resolved by binding arbitration in Bermuda as set forth in Article 15 of the attached CBA [Collective Bargaining Agreement]." (ECF No. 4-2.) Thus, the Court finds that all of the Plaintiff's claims are arbitrable, and that dismissal of this matter is proper. *See Olsher Metals Corp. v. Olsher*, No. 01-3212-CIV, 2003 WL 25600635, at *9 (S.D. Fla. Mar. 26, 2003) (Jordan, J.) (dismissing case in which broad arbitration clause applied to each claim).

Accordingly, the Defendant's motion to dismiss and compel arbitration (**ECF No. 4**) is **granted**. The Clerk of Court is directed to **close** this case.

**Done and ordered** at Miami, Florida, on December 27, 2017.

_____
Robert N. Scola, Jr.
United States District Judge